Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2935 | **DATE** | 8/24/2004 |
| **CASE TITLE** | In Re: In Re: National Steel Corporation | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, the Bankruptcy Court's order denying NSC leave to file a late proof of claim is reversed, and the matter is remanded to the Bankruptcy Court for further proceedings consistent with this Memorandum Opinion.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | 8/25/04 date docketed | 10 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | 2004 AUG 24 PM 1:15 | date mailed notice | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>NATIONAL STEEL CORPORATION, et al.,<br><br>Reorganized Debtors.<br><br>_____<br><br>JFE STEEL CORPORATION,<br><br>Appellant,<br><br>v.<br><br>NATIONAL STEEL CORPORATION, et al.;<br>THE NKK LITIGATION TRUST; THE AD<br>HOC COMMITTEE OF BONDHOLDERS;<br>MITSUBISHI CORPORATION; and<br>MARUBENI CORPORATION,<br><br>Appellees. | DOCKETED<br>AUG 2 5 2004<br><br><br><br><br><br>Case No. 04 C 2935 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

JFE Steel Corporation has appealed from the Bankruptcy Court's order denying its motion for leave to file a late proof of claim against the debtors, National Steel Corporation (NSC) and other affiliated entities, in their Chapter 11 bankruptcy case. JFE contends that the Bankruptcy Court erred by failing to apply the standard set by the Supreme Court in *Pioneer v. Brunswick Associates*, 507 U.S. 380 (1993), for establishing whether excusable neglect permits the late filing of a claim. The Court agrees and therefore reverses and remands the matter to the Bankruptcy Court.



**Background**

NSC filed its Chapter 11 petition on March 6, 2002. The Bankruptcy Court set August 15, 2002 as the bar date-the last day for filing claims against NSC and its affiliated debtors. On December 31, 2003, over sixteen months after the bar date, JFE filed a motion for leave to file a late claim. The claim sought contribution or indemnification from NSC for any claims under the Coal Industry Retiree Health Benefit Act, 26 U.S.C. § 9701 *et seq.* (the Coal Act), that any of NSC's creditors may assert against JFE as a related entity; JFE owns approximately 68 percent of NSC. JFE claims that the reason for its delay in filing this claim is directly attributable to actions by NSC that JFE characterizes as bad faith. Specifically, JFE claims that NSC amended its initial liquidation plan, just before it was confirmed by the Bankruptcy Court, to repudiate its Coal Act liabilities, despite having previously assured the Court and its creditors that it intended to honor these obligations. JFE contends that had NSC honored its Coal Act obligations as it originally indicated, JFE would have had no need to file a claim.

The Bankruptcy Court, in an oral ruling, denied JFE's request to file the late claim. The Court noted that JFE had been involved in the case from its very beginning and was well aware of the bar date and it noted the important function bar dates serve in Chapter 11 cases. The court also referenced the Seventh Circuit's decision in *In re Stavriotis*, 977 F.2d 1202 (7th Cir. 1992), in support of its conclusion that JFE should not be allowed to file its late claim, because it constituted an entirely different claim from any that JFE had previously asserted, and one that was undetermined and certain to be disputed. Finally, the court declared that any dispute between JFE and UMWA- one of NSC's creditors that indicated that it intended to try to hold JFE liable for NSC's Coal Act liabilities- would have to be addressed between those two parties

in another forum.

## Analysis

In *Pioneer*, the Supreme Court analyzed the circumstances under which missing a filing deadline counts as "excusable" neglect. In that case, creditors of a Chapter 11 debtor sought to extend the bar date for filing proofs of claim under Bankruptcy Rule 9006(b), which gives the court discretion to allow late filings where lateness was the result of excusable neglect. The Court took a broad view of excusable neglect, and instructed courts to take equitable circumstances into account in determining whether a party's actions constitute excusable neglect. *Pioneer*, 507 U.S. at 395. Accordingly, a court can find excusable neglect not only in situations beyond the party's control, but also in situations where the party's action or failure to act was the result of carelessness or mistake. *Id.*; *see also In re Bulic*, 997 F.2d 299 (7th Cir. 1993). To evaluate what is "excusable," the Supreme Court set forth four factors courts must consider: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

In this case, the Bankruptcy Court abused its discretion by failing to fully conduct the equitable analysis laid out in *Pioneer*. *See Stavriotis*, 977 F.2d at 1204 (abuse of discretion will be found if the decision is based on an erroneous conclusion of law.) In its ruling denying relief, the Bankruptcy Court made reference to the *"Pioneer* excusable neglect standards," but only to say that they had not been met. R. 12 at 18. The court did not identify the *Pioneer* factors and did not discuss them individually. Though this would not require reversal if the court had actually engaged in the equitable analysis that *Pioneer* mandates, *see Bateman v. U.S. Postal*

3

*Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000); *see also In re Bulic*, 997 F.2d at 302, the record does not reflect that the Bankruptcy Court did so in this case. The reasons the court gave for denying JFE relief- that JFE had been involved in the case from the beginning and was aware of the bar date- though certainly relevant to the determination of whether JFE's conduct was excusable, only touches upon one of the *Pioneer* factors, namely the reason for the delay. The court made no reference to whether JFE had acted in good faith, whether the debtor would be prejudiced by a late claim, and the potential impact of the delay, if any, on proceedings in the case. Though the court's reference to *Stavriotis* might be interpreted as dealing with the prejudice issue, the court did not address how granting JFE leave to file its claim would affect the claims resolution process, *see In re Plunkett*, 82 F.3d 738, 741 (7th Cir. 1996), or whether it would put NSC in a worse position than had JFE filed the claim before the bar date had expired, *see In re Kmart Corp.*, 03 C 7091, 2004 WL 756607, at *2 (N.D. Ill. Feb. 27, 2004).

Nor did the court make any reference to JFE's argument that it had acted in good faith, namely that its late-expressed desire to make a claim was the product of NSC's changed position on its Coal Act liabilities. This was a significant omission, as this factor weighed in JFE's favor. Courts have held that where the conduct of both the debtor and creditor contribute to the late filing of a claim, the court should permit the claim to be filed. *See In re Dartmoor Homes, Inc.*, 175 B.R. 659, 668 (Bankr. N.D. Ill. 1994). JFE offered support for its contention that NSC had acted in bad faith by repudiating its Coal Act liabilities shortly after it amended its liquidation plan, and JFE filed its motion for leave to file a claim about a week after NSC's repudiation. These circumstances were not addressed by the Bankruptcy Court.

NSC asserts that JFE conceded that its prior counsel's lack of diligence was the reason

for its delay. NSC contends that JFE made no reference to NSC's alleged misrepresentations in its motion before the Bankruptcy Court, but only added these allegations once NSC objected to the motion. The fact remains, however, that JFE did argue NSC's alleged misleading in support of its request to file a claim. And in any event, lack of diligence on the part of JFE's prior counsel is not dispositive on the question of whether its delay was excusable, as a showing of fault on the part of the claimant does not defeat a finding of excusable neglect. *Pioneer*, 507 U.S. at 388. Rather, *Pioneer* makes clear that excusable neglect encompasses "situations in which the failure to comply with a filing deadline is attributable to negligence." *Id.* at 394. Though the delay in this case was lengthy, courts have made clear that there is no specific amount of time after which delay is inexcusable; rather, the length of the delay must be balanced with the other *Pioneer* factors, including prejudice. *In re Kmart*, 2004 WL 756607, at *7.

## Conclusion

For the foregoing reasons, the Bankruptcy Court's order denying NSC leave to file a late proof of claim is reversed, and the matter is remanded to the Bankruptcy Court for further proceedings consistent with this Memorandum Opinion.

_____<br>
MATTHEW F. KENNELLY<br>
United States District Judge

Date: August 24, 2004

5